#### UNITED STATES BANKRUPTCY COURT
#### EASTERN DISTRICT OF VIRGINIA
#### ALEXANDRIA DIVISION

#### CHAPTER 13 PLAN
#### AND RELATED MOTIONS

Name of Debtor(s):   LEWIS P. CHERNICK                    Case No:        10-14155-RGM

This plan, dated **June 15, 2010**          , is:

      X   the *first* Chapter 13 plan filed in this case.
     ____  a modified plan, which replaces the
     ____  confirmed or ____ unconfirmed Plan dated _____

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (I) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

| | |
|---|---|
| Total Assets: | **$336,123** |
| Total Non-Priority Unsecured Debt: | **$-0-** |
| Total Priority Debt: | **$-0-** |
| Total Secured Debt: | **$353,337** |

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$ 373.00** per **month** for **60** months. Other payments to the Trustee are as follows: **N/A**. The total amount to be paid into the plan is **$22,380.00**.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

        A.    **Administrative Claims under 11 U.S.C. S 1326.**

          1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
          2.    Debtor(s)' attorney will be paid $  -0-        balance due of the Total fee of $ 3,500.00    concurrently with or prior to the payments to remaining creditors.

      B.      **Claims under 11 U.S.C. S507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. $507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| **Creditor** | **Type of Priority** | **Estimated Claim** | **Payment and Term** |
|---|---|---|---|
| Lisa Chernick | Child support | -0- | N/A (Debtor makes support payments directly to ex-wife) |

**3.**    **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.    **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322 (b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

        None

    B.    **Real or Personal Property to be Surrendered.**

        None

    C.    **Adequate Protection Payments**.

        None

    D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

        None

    E.    **Other Debts.**

Debts which are (I) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **N/A (no non-priority unsecured claims)**. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately **N/A.**

**5.**    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A.    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**
The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided

for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| **PNC Mortgage** | 46503 River Meadows Terrace, Sterling, VA | $1,950 | $17,029 | -0- | $283.82 for 60 mos. |
| **Cascades Community Association** | Same as above | $69 | $3,312 | -0- | $55.20 for 60 mos. |

    **B.**    **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

        **None**

    **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real state constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322 (c)(2) with interest at the rate specified below as follows:

        **None**

**6.**    **Unexpired Leases and Executory Contracts.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.
        **None**

    **B.**    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

        **None**

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

    **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

        **None**

    **B.**    **Avoidance of security interests of liens on grounds other than 11 U.S.C. Section 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

        **None**

**8.     Treatment and Payment of Claims.**

. .  All creditors must timely file a proof of claim to receive payment from the Trustee.
. .  If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is
   secured but does not timely object to confirmation of the plan, the creditor may be treated
   as unsecured for purposes of distribution under the plan.  This paragraph does not limit the
   the right of the creditor to enforce its lien, to the extent not avoided or provided for in this
   case, after the debtor(s) receive a discharge.
. .  If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the
   claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under
   the plan.
. .  The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in
    full.

**9.     Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.    Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.    Other provisions of this plan:**

   **None**

**Signatures:**
**Dated:** June 15, 2010


/s/Lewis P. Chernick                              /s/Karen Strid Lang
**Lewis P. Chernick, IV, Debtor**                 **Karen Strid Lang**
                                                  **KAREN STRID LANG, P.L.C.**
                                                  **Counsel for Debtor(s)**
                                                  **Virginia State Bar No.  25823**
                                                  **524 King Street**
                                                  **Alexandria, VA 22314**
                                                  **(703) 299-4646**

**Exhibits:**     Copy of Debtor(s)' Budget (Schedules I and J);
              Matrix of Parties Served with plan

                          Certificate of Service
   I certify that on June 15, 2010 , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.
                          /s/Karen Strid Lang
                          Karen Strid Lang
                          524 King Street
                          Alexandria, Virginia 22314
                          (703) 299-4646